UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN B. BRASHEAR,<br>Individually and<br>on behalf of similarly situated individuals<br><br>VERSUS<br><br>PANINI AMERICA, INC. | CIVIL ACTION NO. _____<br><br>JUDGE _____<br><br>MAG. JUDGE _____<br><br>JURY DEMANDED |

## COMPLAINT - CLASS ACTION

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, KEVIN B. BRASHEAR**, individually and on behalf of similarly situated individuals** (hereinafter plaintiff and/or "class representative"), being of the full age of majority, domiciled in Dallas County, State of Texas, who files this claim individually and as representative of all others similarly situated, respectfully alleges as follows:

I.

## PARTIES

1.

The Class Representative is KEVIN B. BRASHEAR, an individual of the full age of majority, domiciled in Dallas County, State of Texas.

2.

Made defendant herein is **PANINI AMERICA, INC.,** (hereinafter "Panini") a Texas corporation with its principal place of business in Irving, Texas and doing business within the State of Texas and the jurisdiction of this Honorable Court.

## II.

## JURISDICTION

3.

This Honorable Court is vested with jurisdiction by virtue of 28 U.S.C. §1332(d). This putative class action is brought by named plaintiff herein on behalf of all others similarly situated, each of whom are domiciled within the multiple states. Further, the amount in controversy is in excess of $5,000,000 and there is minimal diversity with over 100 putative class members, thus CAFA jurisdiction exists.

## III.

## VENUE

4.

Plaintiff alleges that the cause of action forming the basis of this claim occurred within the Northern District of Texas, such that venue in this Honorable Court is proper.

## IV.

## FACTS

5.

Panini is the largest manufacturer in the world of sports collectibles, trading cards and certified memorabilia with licenses with all major sports, such as the NFL, NBA, baseball and others.

6.

Panini manufactures individual collectible cards featuring a sports personality which are sealed in packs (so that the consumer does not know what individual cards it may receive) that are then sold in boxes. These boxes contain either one or multiple packs of sealed cards, depending

on the particular product.  Within the packs, Panini randomly places one or more "redemption cards" instead of an actual card featuring a sports personality.  These redemption cards are simply a white piece of cardboard with a code that has to be scratched off and entered on Panini's website in order to receive the actual card featuring the sports personality, which is a card signed by the sports personality identified on the redemption card.  (See photo of a redemption card from a 2016 Panini product, attached hereto as Exhibit "A").  As noted on its website, redemption cards are placed in packs instead of the actual card because Panini has not had the card autographed by the player by the time the product is packaged.  Interestingly, while Panini states that it "reluctantly uses redemptions" and Panini "makes every effort to exhaust all possibilities before designation a redemption card", redemption cards are actually **very** common.  (See Panini webpage, located at www.paniniamerica.net/faq.cfm, attached hereto as Exhibit "B").

7.

The process of redeeming is done through a "reservation process" on Panini's website.  As per its website, with regard to these redemption cards, Panini guarantees that it "will send a comparable card in its place if the specified card is not available to ship within 4 months or 8 months depending on what timeframe is selected during the reservation process." (See Exhibit "B").

8.

The "reservation process" Panini refers to is simply entering the redemption card code online and selecting delivery within 4 or 8 months from a dropdown menu with 4 months being the default.

9.

With regard to the "reservation process" Panini has a well-established pattern and practice of failing to adhere to its delivery schedule and failing to send the actual cards within the redeemable timeframe.

10.

In fact, Panini's failure to honor its redemption process has been reported to the Better Business Bureau (hereinafter "BBB") on multiple occasions and some 185 complaints have been filed.  BBB has given Panini an F rating on its scorecard.

11.

It is nearly impossible to contact Panini through any means, including telephone, emails, posts, etc.  This has also been noted on BBB's website, which reads:

> "On November 22, 2017, BBB notified Panini America, Inc. that BBB has identified concerning patterns in consumer complaints alleging Panini America, Inc. fails to honor the promised fulfillment and delivery of products after receiving redemption cards from its customers.  Consumers also allege Panini America, Inc. fails to communicate redemption order status, and fails to respond to emails and telephone calls.
>
> BBB requested Panini America, Inc.'s voluntary cooperation in eliminating the identified patterns in consumer complaints.
>
> As of December 27, 2017, Panini America, Inc. has failed to respond."

(See BBB webpage located at www.bbb.org/dallas/business-reviews/baseball-cards-and-sports-memorabilia/panini-america-in-irving-tx-90338985/Alerts-and-Actions, a copy of which is attached hereto as Exhibit "C").

12.

Further, Panini also places an expiration date on its redemption cards that is generally two years redemption.  Notice of the expiration date is defective as it is not reasonably placed or written to alert reasonable consumers.  The warning of expiration is in extremely small font and

located on the back of the box of cards which may or may not contain one of the redemption cards at issue.

13.

Despite the presence of an inadequate notice or warning of expiration, the business practices of Panini render such notice or warning irrelevant. Despite the expiration, Panini continues to market, distribute and sell boxes or packets of cards that contain redemption cards that are already beyond the two-year redemption period. A verdict has already been rendered against another card manufacturer, Upper Deck, for this same exact practice of selling already expired cards. (See Beckett webpage, located at https://www.beckett.com/news/upper-deck-loses-court-case-over-redemption-cards/ a copy of which is attached hereto as Exhibit "D").

14.

The failure to timely redeem redemption cards and the practice of marketing, distributing and selling redemption cards which have already expired is a worldwide problem. The delay or failure to redeem causes damage to the putative class because the redeemable cards are more often than not of players whose cards are in high demand at the time of receipt of the redemption card . A delay can cause the value of said actual card to diminish and, of course, failure to ever supply the actual card causes additional damage. The putative class is damaged because the putative class is enticed to purchase Panini cards with the hope of obtaining a redemption card, the putative class obtains the redemption card which theoretically gives the class ownership of a valuable card, yet that valuable card is never provided to the putative class by Panini.

15.

One significant example of the violations committed by Panini that are unconscionable and known to undersigned counsel is that a current starting quarterback in the NFL, Cody Kessler, has

numerous autographed cards, including rookie cards, that remain unredeemed as of 2 years since he was a rookie. In addition to Panini's failure to redeem these cards, it has also failed to send any "comparable card" in its place as guaranteed on its website, with the belief that Cody Kessler has failed to sign any of these cards for Panini for some reason that is unknown to and certainly not the consumers fault in any way, despite investing money in boxes that contained these redemption cards.

16.

The number of consumers affected by these actions is suspected to be in the hundreds of thousands.

## V.

### NAMED PLAINTIFF'S FACTUAL ALLEGATIONS

17.

Putative Class Representative has purchased and collected cards manufactured by Panini for numerous years but stopped purchasing Panini cards when he realized he would never receive the redemption at dispute, as he understood this problem to me a universal issue among collectors.

18.

Putative Class Representative has an unexpired card still outstanding with Panini that were attempted to be redeemed two years ago.

19.

After attempting to reach Panini on numerous occasions by phone and email, Putative Class Representative eventually realized his actions were fruitless and assumed that he would never receive his card, which to this date he has not.

## VI.

## CLASS ACTION ALLEGATIONS

20.

Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of thousands of other consumers who are similarly situated to Plaintiff. The class is defined as follows:

### CLASS DEFINITION

**All persons who have initiated the redemption process for an actual card on Panini's website and who did not receive a card within the selected timeframe (4 or 8 months) and/or persons who initiated the redemption process for an actual card and the redemption was rejected as expired.**

21.

The class is so numerous and widespread that joinder of all issues of plaintiffs is impracticable. Consumers affected by Panini's actions are anticipated to be in the millions. Additionally, no attorney would have the financial resources to litigate this case against opposition from the Defendants when the potential for recovery is so small for each class member. Therefore, joinder of all similarly situated plaintiffs is appropriate.

## COUNT I

### (Texas Deceptive Trade Practices Act "DTPA")

Plaintiffs reincorporate and reallege Paragraphs 1 through 21 as if more fully set forth herein.

22.

Plaintiff brings claims against the Defendants under Texas Deceptive Trade Practices Act, V.T.C.A., Bus. & C. § 17.41, *et seq.* Panini was served with formal notice on August 15, 2018. The State of Texas Attorney General was served with formal notice on August 14, 2018.

23.

Defendant misrepresents the timeframe in which consumers would obtain cards and fails to honor expired cards that it sells well beyond the "redemption period."

24.

Defendant employed, in connection with the sale and advertisement of its product, to all consumers, deception, fraud, false pretense, false promise, misrepresentation, and unfair practices.

25.

As a direct result of the deceptions, frauds, false pretenses, misrepresentations, unfair practices, concealments, suppressions, and omissions of Defendants, Putative Class Members have suffered an ascertainable loss of money, namely the value of the card that they have never obtained from Panini.

26.

Moreover, Defendant's actions and inactions are intentional and outrageous, without any justification or excuse, and warrant the imposition of punitive damages and mental anguish under the DTPA.

27.

In the event the Putative Class is the prevailing party, the Putative Class also seeks a reasonable attorney's fee and costs as provided under the DTPA.

## COUNT II

28.

**(Civil Fraud)**

Plaintiff reincorporates and realleges Paragraphs 1 through 27 as if more fully set forth herein.

29.

Putative Class Representative brings civil fraud claims against the Defendant as material misrepresentations were made; the representations were false; Defendant knew the representations were false when made; representations were made that it should be acted upon by Putative Class Representative and others similarly situated; Putative Class Representative acted in reliance on false statements and suffered injury.

## COUNT III

30.

**(Tort)**

Plaintiff reincorporates and realleges Paragraphs 1 through 29 as if more fully set forth herein.

31.

Putative Class Representative bring claims against the Defendant for tort damages arising from Defendant's actions as Putative Class Representative was damaged from the tortious actions of Defendant.

## COUNT IV

### (Conspiracy to Defraud)

32.

Putative Class Representative reincorporates and realleges Paragraphs 1 through 31 as if more fully set forth herein.

33.

Putative Class Representative brings claims against the Defendant for Conspiracy to Defraud.

34.

Defendants agreed to commit a wrong on the Putative Class Representative by falsely advertising the availability of a timeframe to deliver a product that Defendant was unable to fulfill, and by selling expired redemption cards.

35.

Putative Class Representative was injured by the conspiracy to defraud engaged in by the Defendant.

## COUNT V

**(unjust enrichment)**

36.

Putative Class Representative reincorporates and realleges Paragraphs 1 through 35 as if more fully set forth herein.

37.

Putative Class Representative brings claims against the Defendant for unjust enrichment as Defendant was unjustly enriched by selling a product that was advertised to be delivered but never done and selling expired redemption cards while keeping the actual product.

## RELIEF SOUGHT

38.

Putative Class Representative reincorporates and realleges Paragraphs 1 through 37 as if more fully set forth herein.

39.

**WHEREFORE**, Plaintiff and all similarly situated individuals who do not opt out of this action demand:

    a)    an order, entered as soon as practicable, certifying this case as a class action under Rule 23.

    b)    an order directing that appropriate notice to class members be delivered;

    c)    compensatory damages for Plaintiff and the other Class Members in an amount which is fair and reasonable to compensate them for their damages;

    d)    all damages in an amount which is fair and reasonable;

    e)    punitive damages;

    f)    reasonable attorney's fees and costs; and

    g)    such other relief as the Court deems just and proper.

40.

Plaintiff and the proposed class members demand a trial by jury.

Respectfully Submitted,
**MARTZELL, BICKFORD & CENTOLA**

/s/Scott R. Bickford

_____

**SCOTT R. BICKFORD, T. A. (TX 02295200)**
usdcedtx@mbfirm.com; srb@mbfirm.com
338 Lafayette Street
New Orleans, LA 70130
Tel:    (504) 581-9065
Fax:   (504) 581-7365
**ATTORNEY FOR PUTATIVE CLASS PLAINTIFFS**