**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KEVIN B. BRASHEAR** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.  3:19-cv-00201-L** |
| | § | |
| **PANINI AMERICA, INC.** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## PANINI'S MOTION TO DISMISS AND BRIEF IN SUPPORT

Respectfully submitted,

*/s/ Joseph A. Unis, Jr.*
**Charles E. Phipps**
Texas Bar No. 00794457
*cphipps@lockelord.com*
**Joseph A. Unis, Jr.**
Texas Bar No. 24075625
*junis@lockelord.com*
**Matthew L. McDougal**
Texas Bar No. 24092799
*matthew.mcdougal@lockelord.com*
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANT
PANINI AMERICA, INC.**

## TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................... 1

II.    FACTS AND BACKGROUND ................................................................. 4

III.    ARGUMENT AND AUTHORITIES ........................................................ 8

    **A.**    RULE 12(B)(1) STANDARD—THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE "MINIMAL DIVERSITY" REQUIREMENT IS NOT SATISFIED ....................................................................................... 8

    **B.**    PLAINTIFF FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED ........... 9

        **1.**    Rule 12(b)(6) standard .................................................... 9

        **2.**    "Tort" is not an independent cause of action ................................ 11

        **3.**    Plaintiff's "conspiracy" claim fails as a matter of law ............................. 11

        **4.**    "Unjust enrichment" is not an independent cause of action ..................... 11

        **5.**    Plaintiff's fraud claim fails as a matter of law ........................................... 12

            ***i.***    *Plaintiff cannot allege any actionable "misrepresentation," as a matter of law:* ....................................................... 13

            ***ii.***    *Plaintiff could not have "relied" on any representation, as a matter of law:* ............................................................. 14

        **6.**    Plaintiff's DTPA claim fails as a matter of law ........................................ 15

        **7.**    Plaintiff's fraud and DTPA claims do not otherwise satisfy Rule 9(b)'s particularity requirement ............................................................. 18

        **8.**    Plaintiff's claims are waived and/or time-barred .................................... 20

        **9.**    Plaintiff cannot recover attorneys' fees and costs from Defendant .......... 21

        **10.**    Plaintiff's claims should be dismissed with prejudice ............................. 21

IV.    CONCLUSION AND PRAYER ................................................................. 22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**State Cases**

*Amstadt v. U.S .Brass Corp.*,
    919 S.W.2d 644 (Tex. 1996).......................................................................15

*BCY Water Supply Corp. v. Residential Invs., Inc.*,
    170 S.W.3d 596 (Tex. App.—Tyler 2005, pet. denied)....................................12, 13

*Bohls v. Oakes*,
    75S.W.3d  473(Tex. App.—San Antonio 2002, pet. denied)................................17

*Bradford v. Vento*,
    48 S.W.3d 749 (Tex. 2001)........................................................................16

*DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*,
    112 S.W.3d 854 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ................................14

*Ernst & Young L.L.P. v. Pac. Mut. Life Ins. Co.*,
    51 S.W.3d 573 (Tex. 2001).......................................................................12

*Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1*,
    908 S.W.2d 415 (Tex. 1995)......................................................................20

*Green Int'l, Inc. v. Solis*,
    951 S.W.2d 384 (Tex. 1997)....................................................................21, 22

*Parkway Co. v. Woodruff*,
    901 S.W.2d 434 (Tex. 1995)......................................................................16

*Pinson v. Red Arrow Freight Lines, Inc.*,
    801 S.W.2d 14 (Tex. App.—Austin 1990, no writ)............................................20

*Richardson-Eagle, Inc. v. William M. Mercer, Inc.*,
    213S.W.3d  469(Tex. App.—Houston [1st Dist.] 2007, pet. denied) ....................................17

*Transp. Ins. Co. v. Faircloth*,
    898 S.W.2d 269 (Tex. 1995)......................................................................13

**Federal Cases**

*ABC Arbitrage Plaintiffs Group v. Tchuruk*,
    291 F.3d 336 (5th Cir. 2002) .....................................................................19

*Alexander v. Grand Prairie Ford, L.P.*,
    No. 3:02-CV-1561-K, 2007 WL 1576260 (N.D. Tex. May 31, 2007).......................12, 13, 14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................2

*Batra v. RLS Supermarkets LLC*,
   No. 3:16-CV-2874-B, 2017 WL 3421073 (N.D. Tex. Aug. 9, 2017).....................................10

*Behler v. East Jefferson Hosp. Serv. Dist. No. 2*,
   No. 12-1171, 2012 WL 13001034 (E.D. La. Aug. 20, 2012) ...............................................1, 8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................2, 9

*Berry v. Indianapolis Life Ins. Co.*,
   608 F. Supp. 2d 785 (N.D. Tex. 2009) ...............................................................18

*Blackburn v. City of Marshall*,
   42 F.3d 925 (5th Cir. 1995) ...........................................................................9

*Briggs v. Mississippi*,
   331 F.3d 499 (5th Cir. 2003) ........................................................................22

*Coffey v. Fort Wayne Pools, Inc.*,
   24 F. Supp. 2d 671(N.D. Tex. (1998.................................................................16

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ........................................................................4

*Diamond Offshore Co. v. Survival Sys. Int'l, Inc.*,
   902 F. Supp. 2d 912 (S.D. Tex. 2012) ...............................................................11

*Garcia v. GMAC Mortg. LLC*,
   Civil Action No. H-12-2242, 2013 WL 211121 (S.D. Tex. Jan. 18, 2013)...........................14

*Goldstar Home Health Sys., Inc. v. Sebelius*,
   No. 4:12-CV-906-A, 2013 WL 3096190 (N.D. Tex. June 17, 2013)....................................10

*Hancock v. Chicago Title Ins. Co.*,
   635 F. Supp. 2d 539 (N.D. Tex. 2009) ...............................................................11

*Hilliard v. Ferguson*,
   30 F.3d 649 (5th Cir. 1994) .........................................................................11

*In re Burlington N. Santa Fe Ry.*,
   606 F.3d 379 (7th Cir. 2010) ........................................................................8

*In re Katrina Canal Breaches Litig.*,
   495 F.3d 191 (5th Cir. 2007), *cert. denied*, 552 U.S. 1182 (2008)............................9

*In re Westcap Enters.*,
    230 F.3d 717 (5th Cir. 2000) ...................................................................................13

*Lefall v. Dallas Indep. Sch. Dist.*,
    28 F.3d 521 (5th Cir. 1994) .....................................................................................21

*Lewis v. Casey*,
    518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)......................................10

*Lucker v. Bayside Cemetery*,
    262 F.R.D. 185 (E.D.N.Y. 2009) ..............................................................................9

*Magruder v. Halliburton Co.*,
    Civ. No. 3:05-CV-1156-M, 2009 WL 854656 (N.D. Tex. March 31, 2009)
    (mem. op.) ...............................................................................................................13

*Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*,
    195 F.3d 765 (5th Cir. 1999) ...................................................................................21

*Plotkin v. IP Axess, Inc.*,
    407 F.3d 690 (5th Cir. 2005) ...................................................................................19

*Price v. Pinnacle Brands, Inc.*,
    138 F.3d 602 (5th Cir. 1998) ...................................................................3, 15, 17, 20

*Rasberry v. Capitol County Mut. Fire Ins. Co.*,
    609 F. Supp. 2d 594 (E.D. Tex. 2009).......................................................................9

*Samuel v. Universal Health Servs.*,
    805 F. Supp. 2d 284 (E.D. La. 2011).........................................................................8

*Sharifi v. AAMCO Transmissions, Inc.*,
    No. CIV.A.3:07-CV-0718-D, 2007 WL 1944371 (N.D. Tex. June 28, 2007) ........11

*Spencer v. Deutsche Bank Nat. Trust Co.*,
    CIV.A. H-14-0164, 2014 WL 7151505 (S.D. Tex. Sept. 17, 2014)...................13, 14

*Steinberg v. BPO Mgmt. Servs., Inc.*,
    3:09-CV-02291-K, 2010 WL 1330971 (N.D. Tex. 2010) ........................................13

*Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*,
    940 F. Supp. 1026 (E.D. Tex. 1996)..........................................................................9

*Summers v. PennyMac Corp.*,
    No. 3:12-cv-1235-L, 2012 WL 5944943 (N.D. Tex. Nov. 28, 2012).....................22

*Tuchman v. DSC Commc'ns Corp.*,
    14 F.3d 1061 (5th Cir. 1993) ...............................................................................3, 10

*Turk v. Pershing LLC*,
No. 3:09-CV-2199-N, 2014 WL 12572906 (N.D. Tex. Dec. 8, 2014) ..................................10

*United States ex. rel. King v. Alcorn Labs., Inc.*,
232 F.R.D. 568 (N.D. Tex. 2005) ....................................................................................18, 19

**Federal Rules**

FED. R. CIV. P. 9(b) ..........................................................................................................1, 2, 18, 20

FED. R. CIV. P. 12(b)(1) and 12(b)(6) .................................................................................. *passim*

FED. R. CIV. P. 15(a) ...................................................................................................................21

**State Statutes**

Tex. Bus. & Comm. Code § 17.41, *et seq.* .................................................................................15

Tex. Bus. & Comm. Code § 17.45(4) .........................................................................................17

Tex. Bus. & Comm. Code § 17.45(5) .........................................................................................16

Tex. Bus. & Comm. Code Ann. § 17.565 ...................................................................................21

Texas Deceptive Trade Practices Act ("DTPA") .................................................................. *passim*

**Federal Statutes**

28 U.S.C. § 1332(d) ......................................................................................................................8

Class Action Fairness Act ("CAFA") ..................................................................................1, 8, 9

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Panini America, Inc. ("Defendant" or "Panini") files this Motion to Dismiss the Complaint ("Complaint") filed by Plaintiff Kevin B. Brashear ("Plaintiff"). As a threshold matter, this Court lacks subject matter jurisdiction under the Class Action Fairness Act ("CAFA") because Plaintiff and Panini are both Texas citizens, such that the Complaint fails to satisfy the "minimal diversity" requirement. *See*, *e.g.*, *Behler v. East Jefferson Hosp. Serv. Dist. No. 2*, No. 12-1171, 2012 WL 13001034, at *2-3 (E.D. La. Aug. 20, 2012). Nevertheless, Plaintiff fails to state a claim for which relief can be granted. Plaintiff asserts purported claims that simply are not recognized as independent causes of action ("tort" and "unjust enrichment"), and Plaintiff cannot establish essential elements of his other claims. But even if he could (which he cannot), Plaintiff fails to plead his alleged fraud and DTPA claims with particularity, as required by Rule 9(b).

## I.      INTRODUCTION

Panini's motion should be granted, and Plaintiff's claims should be dismissed with prejudice because—notwithstanding Plaintiff's failure to satisfy CAFA's minimal diversity requirement—Plaintiff has failed to set fort any facts that, if true, could result in a finding of liability against Panini.

Each of Plaintiff's specific claims is addressed herein. None of Plaintiff's claims is pled in a way that would enable Plaintiff to recover under the law. Plaintiff purports to assert claims for (1) "tort;" (2) unjust enrichment; (3) conspiracy; (4) civil fraud; and (5) alleged violations of the Texas Deceptive Trade Practices Act (the "DTPA"), related to Panini's redemption card program. To the extent Plaintiff has even asserted recognized claims ("tort" and "unjust enrichment" are not independent causes of action), the limited facts that Plaintiff *has* alleged, his admissions, and the evidence implicated by his Complaint, show that Plaintiff cannot establish

essential elements of those claims as a matter of law.  Moreover, Plaintiff's fraud and DTPA claims are not pled with sufficiently particularity.

Under the United States Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff cannot survive a Rule 12(b)(6) motion simply by referring to conclusory allegations or reciting the elements of a legal claim without describing the actual facts that would enable the plaintiff to recover under the law. Moreover, Federal Rule of Civil Procedure 9(b) requires allegations of fraud, as well as any allegations made under the Texas Deceptive Trade Practices Act ("DTPA"), to be pled with particularity.  This means Plaintiff must plead such matters as the time, place and contents of alleged false representations, as well as the identity of the person making the representation and what was obtained or given up thereby.  Conclusory allegations that a defendant's conduct was fraudulent and/or deceptive are not sufficient.

Here, Plaintiff's complaint is wholly devoid of facts (1) identifying any redemption card at issue; and explaining (2) when such card was acquired; (3) how the card was acquired; (4) what alleged misrepresentation Panini made in the context of that acquisition; (5) how such representation was false or misleading; (6) facts demonstrating Plaintiff's reliance on that representation; (7) when such redemption was submitted; (8) how the redemption was submitted; (9) the status of such redemption; and/or (10) the extent of Plaintiff's alleged injury.  Consequently, Plaintiff's complaint fails to comply with the mandates of *Twombly* and *Iqbal*, as well as Federal Rule of Civil Procedure 9(b).  Indeed, such information is necessary for Panini: (1) to assess potential defenses (such as limitations and waiver); (2) to determine whether there is any privity between Panini and Plaintiff; and/or (3) to understand the factual basis for any alleged legal duty. For example, as discussed in prior correspondence between the undersigned counsel and Plaintiff's

attorney, certain individuals have attempted to exploit Panini's redemption program by knowingly acquiring expired redemptions from third-parties on the secondary market, *after* those redemptions are pulled from randomly assorted and sealed packs (but before such redemption are submitted to Panini). However, the boxes from which Panini redemptions are pulled (presumably, unlike third-party eBay postings) include express disclaimers and notices that should preclude Plaintiff's claims. Regardless, on the face of Plaintiff's otherwise defective Complaint, his claims fail as a matter of law.

In addition to the fact that Plaintiff's individual claims fail, courts—including the Northern District of Texas—have routinely dismissed attempts by buyers to assert class actions against trading card manufacturers, refusing to find any injury when such purchasers fail to receive a specific card. *See, e.g.*, *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602 (5th Cir. 1998) (affirming judgment by United States District Court for the Northern District of Texas dismissing plaintiff's claim with prejudice). Indeed, the purchaser of a pack of trading cards does not receive a guarantee that he or she will receive any *specific* card. *See, e.g.*, *id.* at 605 ("[P]laintiffs received a pack of trading cards for their money; '[t]hey got exactly what they paid for and they do not and cannot allege otherwise.'").

Nevertheless, this court need only consider Plaintiff's factual allegations, which are woefully deficient, and not his alleged "class" claims. *See, e.g.*, *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1067 n. 5 (5th Cir. 1993) ("Since there was no class certification, we treat this case as one brought by the named plaintiffs individually."). For the reasons stated below, Plaintiff has failed to state a claim upon which relief can be granted, and allowing Plaintiff to re-plead would be futile.

## II.      FACTS AND BACKGROUND[1]

Plaintiff admits: "Panini manufactures … collectible cards … which are sealed in packs (*so that the consumer does not know which individual cards it may receive*) that are then sold in boxes;" and within those sealed packs, within those boxes, "Panini *randomly* places one or more 'redemption cards'…." *See* Compl. at ¶ 6 (emphasis added).   Plaintiff further explains that a redemption card has "a code that has to be scratched off and entered on Panini's website in order to receive the actual card featuring the sports personality, which is a card signed by the sports personality identified on the redemption card." *Id*.  Plaintiff also admits that the fulfillment of a redemption rests on a future contingency, which is often outside of Panini's control because: "Panini has not had the card autographed by the player by the time the product is packaged." *Id*. As more accurately stated in the "FAQ" section of Panini's website:[2]  Panini "reluctantly" use redemptions, "when the components have not been received [from third parties] in time to make final production." *See* Ex. 1 (http://www.paniniamerica.net/FAQ.cfm, last visited Mar. 4, 2019).[3]

---

[1] Although the allegations in Plaintiffs' Complaint must be taken as true in this Motion, Defendant reserves the right to challenge those factual allegations should there be a need to do so.

[2] "Documents that a defendant attaches to its motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to its claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (internal quotes omitted).  Here, there is no dispute that Panini's website and its packaging are central to Plaintiff's claims.  Indeed, the Complaint purports to reference Panini's website. *See*, *e.g.*, Compl. at ¶ 6 ("As noted on its website…").  And Plaintiff attaches (as Exhibit "B" to his Complaint) the webpage available at http://www.paniniamerica.net/faq.cfm, thus placing the contents of that page at issue.  However, Plaintiff fails to attach any of the answers to the italicized questions listed under the subheading "Redemptions."  Significantly, each italicized "FAQ" is itself a "link," which when clicked, expands that section of the webpage to include an answer to that question.  Similarly, Plaintiff implicates Panini's packaging by alleging that Panini's expiration date on its redemption cards "is defective as it is not reasonably placed or written to alert reasonable consumers." *See* Compl. at ¶ 12.  But Plaintiff fails to provide an example of the "warning of expiration" that Plaintiff subjectively and unilaterally declares "unreasonable."  Nevertheless, Plaintiff admits that (1) Panini includes such a disclaimer on the outside of its product; and (2) that many boxes of cards do not include redemptions (which thus, cannot be expected, and are not guaranteed). *See id*. at pp. 4-5, ¶ 12 ("The warning of expiration is in extremely small font and located on the back of the box of cards *which may or may not contain one of the redemption cards at issue*." (emphasis added).

[3] A true and correct copy of the correct printout from Panini's website is attached as Exhibit 1 to *Defendant's Appendix in Support of Motion to Dismiss and Brief in Support* (the "Appendix"). Exhibit 1 has been highlighted by the undersigned counsel to show relevant expansions of "linked" text (which Plaintiff omitted from his Exhibit "B"), and also paginated for the Court's quick reference.

- 4 -

Panini also includes an express disclaimer that "redemption cards are made available <u>as they are</u> <u>received</u>" and an express reservation of the right to "send a comparable card in its place if the specific card is not available…."  *See id*.  Also, Panini clearly communicates on its website: (1) that the expiration of any redemption begins to toll at the time of "product release;" and (2) "exchange cards marked after the expiration date cannot be redeemed."  *Id*.  But even then, "Panini America makes every effort to exhaust all possibilities before designating a redemption case," and it is continually assessing and working to improve its redemption program to better serve its customers.  *See id*.

Under the subheading "General Questions," Panini's website further explains: "[w]e [i.e., Panini] do not place any value on our cards for the secondary market."  *See id*.  Nevertheless, Plaintiff accuses Panini of enticing the putative class "to purchase Panini cards with the <u>hope</u> of obtaining a redemption card … which <u>theoretically</u> gives the class ownership of a valuable card." *See* Compl. at ¶ 14.  But as discussed below, these are neither true nor actionable allegations.

The Complaint attaches a picture of a purported redemption for a 2016 Panini Spectra, Rookie Patch Autographs, Hunter Henry, which would have expired on March 14, 2018.  *See* Compl., its Ex. A.  However, the Complaint is devoid of any allegation regarding "Hunter Henry," and it does not connect that redemption to Plaintiff's claims.  Similarly, Paragraph 15 of the Complaint alleges that Panini failed to redeem certain Cody Kessler cards, and failed to send "comparable cards" in their place.  But again, the complaint fails to connect those allegations to Plaintiff's claims.   Indeed, *Plaintiff* does <u>not</u> allege that (1) *he* submitted a Cody Kessler redemption card, which (2) Panini failed to redeem.   To the contrary, with respect to Plaintiff's individual claims, Plaintiff has failed to identify *any* specific redemption at issue.

Indeed, the only factual allegation in the Complaint that is (1) relevant to the asserted claims; and (2) specific to Plaintiff, is a vague reference to "an unexpired card still outstanding with Panini that were [sic] attempted to be redeemed two years ago."  Compl. at ¶ 18.  However, Plaintiff fails to (1) identify the card; (2) detail how the redemption allegedly at issue was acquired; or (3) state when it was submitted.  Plaintiff bases his claims on the mere "assumption" that he will never receive this otherwise unidentified card.  See id. at ¶ 19.  And although Plaintiff simply references this single, allegedly "unexpired card," with respect to his individual claims, Plaintiff seeks to represent a class that includes "persons who initiated the redemption process for an actual redemption and the redemption was rejected as expired."  See id. at ¶ 20 (emphasis added).

Without alleging that he himself has ever had an issue with an expired redemption, Plaintiff further critiques the expiration date on Panini's redemptions.  See, e.g., Compl. at ¶¶ 12-13.  Nevertheless, Plaintiff admits: (1) that each "box of cards … may or may not contain one of the redemption cards at issue;" and (2) even then, Panini includes an expiration notice on the back of each box.  Id. at ¶ 14.  For example, on the outside of each box produced in the "2014 Panini Prizm Football" set, Panini expressly states: "All cards are randomly inserted across the production run and are not guaranteed in any individual pack, box, or case.  Panini America, Inc. makes no representation as to the future value of its cards.  This product may contain redemptions that expire in March 2016."  See Exhibit 2 attached to Defendant's Appendix (which is a true and correct copy of a Panini box) (emphasis added).  Thus, unlike the irrelevant 2007 Upper Deck product referenced in the online article that Plaintiff attaches to his Complaint as its Exhibit "D," Panini includes an express disclaimer regarding expired redemptions on the outside of its products.

Moreover, in the comments section to that 2012 article (attached to the Complaint), collectors further undermine Plaintiff's alleged putative class claims, intimating that collectors

*know* redemptions expire, that the practice is *not* illegal (*see* Compl., its Ex. D, comment by "Yoky" at p. 8 of 26), and further stating:

- "The guy bought a 5 year old product.  Don't buy OLD products if you dont [sic] wasn't expired redeems.  Sorry, but I think this [plaintiff] is a con man in a way[.]" (*Id*., comment by "Jeff Johnson" at pp. 9-10);

- "I DONT THINK HE SHOULD GET ANYTHING, HE BOUGHT CASES AT A [sic] EXTREME DISCOUNT SINCE THE REDEMPTIONS HAD EXPIRED, EITHER HE IS STUPID OR, NOPE JUST PLAIN STUPID."  (*Id*., comment by "ddizal" at p. 10);

- "…if you are a collector, you know that anything over 2-3 years will NOT get redeemed." (*Id*., comment by "doug" at p. 14); and

- "Guys redemption's [sic] expire get over it! … What the Heck did you expect? … [Beckett] said … that redemption cards not redeemed by the expiration date are destroyed so as to maximize the value of the cards that were redeemed on time.  BTW.  DON'T BUY FIVE YEAR OLD PRODUCT AND EXPECT THE REDEMPTION'S TO BE VALID!"  *Id*., comment by "clinton johnson" at p. 16.

Furthermore: "the sad thing is we all know someone or it happened to themselves where upper deck and or panini … have fulfilled or taken care of some expired redemption[.]"  *Id*., comment by "deez" at p. 17.

Of course, these are statements by the very collectors that Plaintiff allegedly seeks to represent, admitting (1) that collectors *know* redemptions expire; (2) Panini has nevertheless accommodated customers; and (3) if received, cards that are not redeemed are destroyed. Moreover, the above comments were made on or before April 15, 2012, and the otherwise irrelevant article was published on or before April 12, 2012.  *See* Compl., its Ex. D.  Thus, at a minimum, Plaintiff (and the putative class) have been on actual or constructive notice of possible redemption issues since 2012, at the latest.

### III.   ARGUMENT AND AUTHORITIES

**A.   RULE 12(B)(1) STANDARD—THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE "MINIMAL DIVERSITY" REQUIREMENT IS NOT SATISFIED**

As a threshold matter, this Court lacks subject matter jurisdiction over Plaintiff's claims, which nevertheless fail as a matter of law.  The party asserting jurisdiction—here, Plaintiff—"must carry the burden for a Rule 12(b)(1) motion to dismiss," which is subject to the same standard of review as a motion to dismiss pursuant to Rule 12(b)(6).  *See Behler v. East Jefferson Hosp. Serv. Dist. No. 2*, No. 12-1171, 2012 WL 13001034, at *2 (E.D. La. Aug. 20, 2012) (citations omitted).  "CAFA gives federal courts original jurisdiction over class actions when they meet three jurisdictional prongs: (1) the class action consists of 100 or more class members; (2) minimal diversity exists; and, (3) the amount in controversy exceeds $5 million."  *Id*. (citing 28 U.S.C. § 1332(d)(2)).  "Minimal diversity exists wherever at least one member of the class is a citizen of a state different from any defendant."  *Id*. (citing 28 U.S.C. § 1332(d)(2)(A)).

In the instant case, Plaintiff alleges that he is "domiciled in Dallas County, State of Texas."  Compl. at ¶ 2.  Plaintiff further alleges that Panini is "a Texas corporation with its principal place of business in Irving, Texas and doing business within the State of Texas."  *Id*. at ¶ 2.  Thus, on the face of the Complaint, the minimal diversity requirement is not satisfied, and this Court lacks jurisdiction under CAFA.  Plaintiff claims "[t]his Honorable Court is vested with jurisdiction by virtue of 28 U.S.C. § 1332(d)."  *Id*. at p. 2, ¶ 3.  But because Plaintiff and Panini are both Texas citizens, that is simply not true:  CAFA is not a *sui generis* grant of jurisdiction, but rather a supplement to the diversity jurisdiction statute.  *See* 28 U.S.C. § 1332(d); *see also In re Burlington N. Santa Fe Ry.,* 606 F.3d 379, 381 (7th Cir. 2010) ("CAFA is, at base, an extension of diversity jurisdiction.").  "Therefore the normal rules for analyzing diversity jurisdiction apply to CAFA cases."  *See Samuel v. Universal Health Servs.*, 805 F. Supp. 2d 284, 288 (E.D. La. 2011).

Plaintiff has failed to meet the minimal diversity requirement in this case. *See*, *e.g.*, *id*. at *3 (holding "[plaintiff] has failed to meet the minimal diversity requirement, and the case must be dismissed for lack of subject matter jurisdiction," where plaintiff and all named defendants were reported to be citizens of Louisiana); *see also Rasberry v. Capitol County Mut. Fire Ins. Co.*, 609 F. Supp. 2d 594, 602-03 (E.D. Tex. 2009) (holding "minimal diversity" requirement under CAFA was not satisfied because defendants, like plaintiffs, "[wa]s a citizen of Texas."); *Lucker v. Bayside Cemetery*, 262 F.R.D. 185, 188 (E.D.N.Y. 2009). Furthermore, Plaintiff's allegations that the putative class action consists of 100 or more class members, and that the amount in controversy exceeds $5 million, are conclusory and not supported by any proof. Accordingly, this case should be dismissed for lack of subject matter jurisdiction.

**B.      PLAINTIFF FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED**

In addition to being procedurally defective, Plaintiff's claims also fail substantively, and should be dismissed with prejudice.

### 1.      Rule 12(b)(6) standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 552 U.S. 1182 (2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory, or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996). Indeed, surviving dismissal requires "more than

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

Furthermore, when considering a motion to dismiss a putative class representative's claims under Rule 12(b)(6), courts need only look at the plaintiff's individual allegations—not those that might be made by other members of the purported class—to determine whether a motion to dismiss for failure to state a claim should be granted. *See Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1067 n. 5 (5th Cir. 1993) ("Since there was no class certification, we treat this case as one brought by the named plaintiffs individually."); *see also Turk v. Pershing LLC*, No. 3:09-CV-2199-N, 2014 WL 12572906, at *3 (N.D. Tex. Dec. 8, 2014) (citing *BookLocker.com, Inc. v. Amazon.com, Inc.*, 650 F. Supp. 2d 89, 97 n.3 (D. Me. 2009) (noting that when considering a motion to dismiss prior to class certification, only the named plaintiffs' claims are before the Court)); *Goldstar Home Health Sys., Inc. v. Sebelius*, No. 4:12-CV-906-A, 2013 WL 3096190, at *5 (N.D. Tex. June 17, 2013) (the court "considers only the claim of this plaintiff."). Indeed, "[t]hat a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357, 116 S. Ct. 2174, 2183, 135 L. Ed. 2d 606 (1996) (internal citations and quotations omitted). Thus, when a party moves to dismiss a plaintiff's individual claims, the claims are assessed under Rule 12(b)(6) without consideration of the putative class nature of the litigation. *See*, *e.g.*, *Batra v. RLS Supermarkets LLC*, No. 3:16-CV-2874-B, 2017 WL 3421073, at *8 (N.D. Tex. Aug. 9, 2017) ("Because the only named plaintiff lacks standing, the Court need not further address issues related to the class nature of this action.") (internal citations and quotations omitted).

In the instant case—for the reasons discussed below—Plaintiff's individual claims fail as a matter of law and should be dismissed *with prejudice*.

### 2.    "Tort" is not an independent cause of action

Plaintiff purports to assert a claim for "tort" against Panini, but "tort" is not an independent cause of action.  *See* Compl. at ¶¶ 30-31.  "If a party wishes to state a claim for a tort in federal court, it needs to specify which one so that the court can determine whether the allegations are sufficient to state a claim for that tort."  *Diamond Offshore Co. v. Survival Sys. Int'l, Inc.*, 902 F. Supp. 2d 912, 925 (S.D. Tex. 2012) (dismissing claim for "intentional tort").  Thus, Plaintiff's "tort" claim fails.

### 3.    Plaintiff's "conspiracy" claim fails as a matter of law

Plaintiff's "conspiracy" claim also fails as a matter of law, because Panini—which is the only named defendant—cannot conspire with itself.  It is a long-standing rule that a "corporation [such as Panini] cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation."  *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994).  Moreover, "[w]ithout an underlying tort, there can be no claim for a conspiracy to commit the tort."  *Sharifi v. AAMCO Transmissions, Inc.*, No. CIV.A.3:07-CV-0718-D, 2007 WL 1944371, at *5 (N.D. Tex. June 28, 2007) (citing *Sanchez v. Liggett & Myers, Inc.,* 187 F.3d 486, 491 (5th Cir. 1999) ("Civil conspiracy requires liability for an underlying substantive tort ...."))).  Accordingly, Plaintiff's "conspiracy" claim should be dismissed.

### 4.    "Unjust enrichment" is not an independent cause of action

Texas Court have consistently held that unjust enrichment is not an independent cause of action.  *See*, *e.g.*, *Hancock v. Chicago Title Ins. Co.*, 635 F. Supp. 2d 539, 560 (N.D. Tex. 2009). But even if such claim was valid under Texas law, it is unclear *how* Panini is unjustly enriched by selling packs of cards, at standard uniform prices, when no single pack guarantees receipt of a

redemption card, and when the components for such cards are not timely received from third-parties, and thus, are not in Panini's possession, custody, or control.  Thus, Plaintiff's "unjust enrichment" claim also fails.

5.      **Plaintiff's fraud claim fails as a matter of law**

Plaintiff's fraud claim should also be dismissed.  To state a cause of action for fraud or fraudulent misrepresentation, a plaintiff must allege facts sufficient to show that: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and thereby suffered injury.  *Ernst & Young L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).  A promise to do or refrain from doing an act in the future is not actionable.  *BCY Water Supply Corp. v. Residential Invs., Inc.*, 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied); *see also Alexander v. Grand Prairie Ford, L.P.*, No. 3:02-CV-1561-K, 2007 WL 1576260, at *6 (N.D. Tex. May 31, 2007) (holding that "the misrepresentation must be one of existing fact, not a promise of future conduct").

In the instant case, Panini "reluctantly" uses redemptions "when the components have not been received [from third parties] in time to make final production."  *See* Ex. 1, its p. 4, App. 05; *see also* Compl. at ¶ 6 (admitting that the fulfillment of a redemption rests on a future contingency: "Panini has not had the card autographed by the player by the time the product is packaged.").  Accordingly, "redemption cards are made available as they are received," and Panini expressly reserves the right to "send a comparable card in its place if the specific card is not available…."  *See* Ex. 1, its p. 8, App. 09.  Moreover, unless and until a redemption is submitted by the customer to Panini, the customer is entitled to nothing.  *See* Compl. at ¶ 6.  Thus, as a matter of fact and law, at the time Panini randomly places a redemption card in a sealed pack, it cannot knowingly make

a false representation about a *specific* card that (1) does not currently exist; and which (2) may or may not ultimately come into existence (based on future third party conduct).  Nor can Plaintiff reasonably rely on a representation that admittedly rests on future contingencies.

### i.     Plaintiff cannot allege any actionable "misrepresentation," as a matter of law:

To be actionable, "the misrepresentation at issue must be one of existing fact, not a promise of future conduct."  *See*, *e.g.*, *Alexander v. Grand Prairie Ford, L.P.*, No. 3:02-CV-1561-K, 2007 WL 1576260, at *6 (N.D. Tex. May 31, 2007) (mem. op.).  "A promise to do or refrain from doing an act in the future is not actionable because it does not contain an existing fact."  *Id*. at *6 (relying on *BCY Water Supply Corp. v. Residential Invs., Inc.*, 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied)).  Moreover, an expression of intent is not a statement of fact.  *See*, *e.g.*, *Spencer v. Deutsche Bank Nat. Trust Co.*, CIV.A. H-14-0164, 2014 WL 7151505, at *5 (S.D. Tex. Sept. 17, 2014), *report and recommendation adopted*, CIV.A. H-14-0164, 2014 WL 7151538 (S.D. Tex. Dec. 12, 2014) ("Given the contingent nature of the alleged future promise to perform, and the absence of any allegations that would support an inference that Defendants never intended to perform, [Plaintiff] has not stated a plausible claim for fraud.").

Also, statements that are "vague and optimistic" puffery, or generalized, positive statements about a company, its management, competitive strengths, or future prospects, are immaterial, since the market relies on specific facts, and not "vague and optimistic statements."  *See Magruder v. Halliburton Co.*, Civ. No. 3:05-CV-1156-M, 2009 WL 854656 at *5 (N.D. Tex. March 31, 2009) (mem. op.); *Steinberg v. BPO Mgmt. Servs., Inc.*, 3:09-CV-02291-K, 2010 WL 1330971, *5 (N.D. Tex. 2010).  Similarly, opinions are not actionable.  *See Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 276 (Tex. 1995) (statements that settlement offer was a "great deal" and "top dollar" were not actionable); *see also In re Westcap Enters.*, 230 F.3d 717, 726 (5th Cir.

2000) ("An actionable representation is one concerning a material fact; a pure expression of opinion will not support an action for fraud.").

Here, any statement regarding a redemption is not a statement of *existing* fact.  By their very nature, redemptions are future oriented, and their fulfillment rests on future contingencies— e.g., (1) whether the redemption is timely submitted by the customer; and (2) whether Panini ever, in fact, receives the specific card—or its necessary components—from the third party at issue. Thus, Plaintiff's allegations relate to future promises and or/statements of intent, not existing facts, and thus, cannot sustain Plaintiff's fraud claim.  *See Alexander*, 2007 WL 1576260, at *6; *see also Spencer*, 2014 WL 7151505, at *5.

### ii.    Plaintiff could not have "relied" on any representation, as a matter of law:

Courts also require that a plaintiff's reliance on a defendant's promise be reasonable and substantial.  *See Garcia v. GMAC Mortg. LLC*, Civil Action No. H-12-2242, 2013 WL 211121, at *6 (S.D. Tex. Jan. 18, 2013).  Additionally, "a party to an arm's length transaction must exercise ordinary care and reasonable diligence for the protection of his own interests, and a failure to do so is not excused by mere confidence in the honesty and integrity of the other party."  *DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

Without providing a single example, Plaintiff alleges in conclusory fashion that: "Panini has a well-established pattern and practice of failing to adhere to its delivery schedule and failing to send the actual cards within the redeemable timeframe;" (*id*. at ¶ 9); and that "it is nearly impossible to contact Panini…" *Id*. at ¶ 11.  In short, Plaintiff bases his claims on Better Business Bureau hearsay, <u>not</u> on Plaintiff's personal experience or knowledge.  Similarly, without explaining how or why *he* has been damaged, Plaintiff alleges "[t]he delay or failure to redeem

- 14 -

causes damage to the putative class because the redeemable cards are more often than not players whose cards are in high demand at the time of receipt of the redemption card.  A delay can cause the value of said actual card to diminish and, of course, failure to ever supply the actual card causes additional damage."  *Id*. at ¶ 14.  This is yet another baseless and conclusory allegation.  Plaintiff further alleges "[t]he putative class is damaged because the putative class is enticed to purchase Panini cards *with the hope of obtaining a redemption card*."  *Id*. (emphasis added).  But that is simply not true, and is contradicted on the face of the Complaint.  As a matter of fact and law, no customer can reasonably expect to receive a redemption.

Here, Plaintiff could not reasonably rely on any alleged representation regarding redemptions when purchasing a sealed pack of Panini trading cards because, as Plaintiff admits: (1) Panini sells cards "sealed in packs (*so that the consumer does not know which individual cards it may receive*)" (Compl. at ¶ 6 (emphasis added)); (2) "Panini *randomly* places redemption cards" in those packs (*id*.); (3) a "box of cards … may *or may not* contain one of the redemption cards at issue." (*id*. at ¶12 (emphasis added)); and (4) even then, Panini includes an express disclaimer *with an expiration notice* on the back of each box.  *Id*. at ¶ 14.  Thus, Plaintiff could not reasonably expect to get a redemption.  *See*, *e.g.*, *Price*, 138 F.3d at 605 ("[P]laintiffs received a pack of trading cards for their money; '[t]hey got exactly what they paid for….'").

### 6.    Plaintiff's DTPA claim fails as a matter of law

Plaintiff's DTPA claim should also be dismissed.  To recover under the DTPA, a plaintiff must show: (1) that he/she is a "consumer" under the DTPA; (2) that the defendant can be sued under the DTPA; (3) that the defendant violated a specific provision of the DTPA; and (4) that the defendant's violation is a producing cause of the plaintiff's damages.  Tex. Bus. & Comm. Code § 17.41, *et seq.*; *see also Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996).  Moreover, "[i]t is well settled that the mere failure to perform a promise does not constitute a

- 15 -

misrepresentation actionable under the DTPA unless it can be shown that at the time the promise was made, the party making the promise had no intentions of fulfilling the promise." *Coffey v. Fort Wayne Pools, Inc.*, 24 F. Supp. 2d 671, 686 (N.D. Tex. 1998).  Here, Plaintiff's DTPA claim is duplicative of his flawed fraud claim, and thus, also fails as a matter of law.  Again, Plaintiff has not identified any specific representation made by Panini to Plaintiff, let alone any knowingly false or reckless statement intended to deceive.

Moreover, Panini has not engaged in any unconscionable conduct.  The DTPA defines an "unconscionable action or course of action" as "an act or practice, which … takes advantage of the lack of knowledge, ability, experience, or the capacity of the consumer to a grossly unfair degree." Tex. Bus. & Comm. Code § 17.45(5).  "It is not enough to allege that a defendant 'simply … took unfair advantage' of the consumer." *Strauss*, 439 F.2d at 687 (quoting *Chastain v. Koonce*, 700 S.W.2d 579, 582 (Tex. 1985)).  To prove an unconscionable action or course of action, a plaintiff must also show "'that the resulting unfairness was glaringly noticeable, flagrant, complete, and unmitigated.'" *Morris*, 981 S.W.2d at 677 (quoting *Chastain*, 700 S.W.2d at 583); *see also Bradford v. Vento*, 48 S.W.3d 749, 760 (Tex. 2001) (quoting same).  Furthermore, conduct constituting unconscionability must take place at the time of the consumer transaction made the basis of the DTPA claim.  *See Parkway Co. v. Woodruff*, 901 S.W.2d 434, 441 (Tex. 1995).  Thus, "proving unconscionability in a TDTPA case is difficult." *Strauss*, 439 F.2d at 687.

Here, Plaintiff cannot satisfy his burden.  By Plaintiff's own admission, a box of cards "may or may not" contain a redemption.  *See* Compl. at ¶ 12.  Even then, a redemption cannot be entered until *after* that purchase, and it may not be fulfilled until months after it is submitted, pursuant to Panini's express terms.  Thus, the complained of conduct—i.e., Panini's alleged delay and failure to timely redeem redemption cards—clearly, does not take place *at the time of the*

- 16 -

*consumer transaction*. Thus, the same factual allegations and admission that undermine Plaintiff's fraud claim further undermine any claim that Panini took advantage of Plaintiff.

Additionally, Panini does not sell individual redemption cards, and Plaintiff could not purchase a "redemption card" from Panini; rather, Panini sells packs of cards in which "[a]ll cards are randomly inserted across the production run and are not guaranteed in any individual pack, box or case." *See*, *e.g.*, Ex. 2, App. 27. Thus, even when a customer receives a redemption, such redemption is received in the context of a pack of randomly assorted trading cards, which "may or may not" contain a redemption. *See* Compl. at ¶ 12; *see also* Ex. 2, App. 27 ("This product may contain redemptions that expire in March 2016"). Also, Panini "makes no representation as to the future value of its cards." *See* Ex. 2, App. 27; *see also* Ex. 1, its p. 21, App. 21 ("We do not place any value on our cards for the secondary market."). Thus, as a matter of law, when a customer purchases such a pack, he or she "g[ets] exactly what they paid for and they … cannot allege otherwise." *Price*, 138 F.3d at 605.

Finally, Plaintiff fails to plead sufficient facts to determine whether Panini is a "consumer" under the DTPA. Whether a party is a consumer is a question of law to be determined by the court. *Bohls v. Oakes*, 75 S.W.3d 473, 479 (Tex. App.—San Antonio 2002, pet. denied). To qualify as a consumer, Plaintiff must prove that he sought or acquired goods or services by purchase or lease *from Panini*, and those goods or services must form the basis of his complaint. *See* Tex. Bus. & Comm. Code § 17.45(4); *Bohls*, 75 S.W.3d at 479. Simply stated, a party cannot be a consumer under the DTPA if there is no transaction. *See Richardson-Eagle, Inc. v. William M. Mercer, Inc.*, 213 S.W.3d 469, 478-79 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding that a plaintiff was not a consumer because it did not attempt to purchase or lease anything from the defendant). Here, it is unclear whether Plaintiff allegedly received a redemption, *with other cards*,

in a randomly assorted and sealed pack; or if he sought and purchased a specific redemption card, from a third-party on the secondary market (e.g., eBay), *after* it was pulled from such a pack. If the latter proves to be true, then Plaintiff clearly did not seek or acquire goods *from Panini*, and with respect to Panini, Plaintiff cannot be a "consumer" under the DTPA. Regardless, Plaintiff's DTPA claim fails as a matter of law for the additional reasons discussed above.

### 7. Plaintiff's fraud and DTPA claims do not otherwise satisfy Rule 9(b)'s particularity requirement

In addition and in the alternative, Plaintiff's claims for fraud and DTPA violations should be dismissed because they do not satisfy the heightened level of pleading set forth in Rule 9(b), which requires Plaintiff to "state with particularity the circumstances constituting the [alleged fraud or misrepresentation]." FED. R. CIV. P. 9(b). Moreover, it is well-established that "[c]laims alleging violations of the DTPA are subject to the requirements of Rule 9(b)." *See e.g. Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009). Of note:

> Rule 9(b) has four purposes: to ensure that the defendant has sufficient information to formulate a defense by having notice of the conduct complained of; to protect defendants against frivolous suits; to eliminate fraud actions in which all the facts are learned after discovery; and to protect defendants from undeserved harm to their goodwill and reputation.

*United States ex. rel. King v. Alcorn Labs., Inc.*, 232 F.R.D. 568, 570 n.2 (N.D. Tex. 2005). Here, Plaintiff fails to satisfy the requirements of the rule, and Panini should be availed of its protections.

Indeed, "[t]o comply with FRCP 9(b), a plaintiff must 'allege the particulars of time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what the person obtained thereby, otherwise referred to as the who, what, when, where and how of the alleged fraud.'" *United States ex. rel. King v. Alcorn Labs, Inc.*, 232 F.R.D. 568, 570 (N.D. Tex. 2005) (quoting *United States ex. rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)). Thus, the Rule 9(b) standard requires specificity

as to "when and why the statements were made, and an explanation of why they were fraudulent or misrepresented." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 349 (5th Cir. 2002) ("Articulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."). Similarly, "[i]n cases in which the mechanism or basis of the fraud is not otherwise apparent from the face of the complaint, the plaintiff must explain how the fraud worked." *United States ex. rel. King*, 232 F.R.D. at 570 (internal citations and quotations omitted). "In addition, even where the allegations are based on information and belief, the complaint must set forth a factual basis for such relief." *Id*. at 570-71 (internal citations and quotations omitted).

In the instant case, Plaintiff has not shown that Panini engaged in any fraudulent conduct or made any actionable misrepresentations in connection with his acquisition of any pack of cards that contained a redemption card (which Plaintiff fails to identify), and/or his subsequent submission of such redemption to Panini (which Plaintiff fails to detail or explain). Indeed, Plaintiff does not: (1) identify any specific representation that Plaintiff alleges was fraudulent; (2) explain how the representations was material; (3) explain how the representation was false; (4) detail whether the individuals who allegedly made the representation made it knowingly or recklessly; or (5) identify how Plaintiff supposedly relied on the fraudulent statement (beyond mere conclusory allegations). Moreover, Plaintiff fails to identify a single specific date on which a false claim was made, and Plaintiff does not identify a single person involved in any alleged fraud or misrepresentation. *See*, *e.g.*, *United States ex. rel. King*, 232 F.R.D. at 572 (noting courts have dismissed claims where plaintiffs did not identify those who made the misrepresentations,

the time the misrepresentations were made, or the places at which the misrepresentations were made).  Furthermore, Plaintiff has failed to allege any facts as to how the alleged fraud was committed.  *See id.* (holding allegations of fraud lacking factual support "are too vague and meaningless to provide the defendants with any useful information in defending against [plaintiff's] claims.").

Accordingly, Plaintiff's fraud and DTPA claims fail under Rule 9(b) because Panini cannot determine *what* alleged statements were made, *who* made the statements, *when* the alleged misrepresentations were made, and *where* the misrepresentations were made.  Regardless, Plaintiff cannot establish injury or reliance as a matter of law.  *See, e.g., Price*, 138 F.3d at 605 ("[P]laintiffs received a pack of trading cards for their money; '[t]hey got exactly what they paid for and they … cannot allege otherwise.'").  Thus, Plaintiff's claims should be dismissed *with prejudice.*

**8.    Plaintiff's claims are waived and/or time-barred**

Furthermore, the comments section of the otherwise irrelevant article that Plaintiff attaches to his Complaint as its Exhibit "D" shows that: (1) collectors *know* redemptions expire; (2) Panini has nevertheless accommodated customers; and (3) if received, cards that are not redeemed are destroyed.  Such comments were made and posted on or before April 15, 2012.  *See* Compl., its Ex. D.  Therefore, at a minimum, Plaintiff (and the putative class) have been on actual or constructive notice of any alleged redemption issues since 2012, but nevertheless, have continued to purchase trading cards for the past seven (7) years.

Thus, to the extent Plaintiff was injured (he was not), he likely waived any claim and/or failed to mitigate his alleged damages by continuing to purchase trading cards after April 12, 2012, given the article he attaches as Exhibit "D" to his complaint.  *See, e.g., Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415, 426 (Tex. 1995); *see also Pinson v. Red Arrow Freight Lines, Inc.*, 801 S.W.2d 14, 16 (Tex. App.—Austin 1990, no writ) ("[w]hen an injured

- 20 -

party fails to comply with the duty to mitigate damages, recovery is not permitted as to that part of damages that could have been avoided or was incurred as a result of the failure to mitigate."). Additionally and/or alternatively, given the otherwise irrelevant article from 2012, Plaintiff's claims are likely time-barred, as the statute of limitations for fraud is four (4) years (Tex. Civ. Prac. & Rem. § 16.004), and the statute of limitations under the DTPA is two (2) years.  *See* Tex. Bus. & Com. Code Ann. § 17.565 ("All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice.").  Of course, that article was published more than six (6) years *before* Plaintiff filed the instant lawsuit.

### 9.    Plaintiff cannot recover attorneys' fees and costs from Defendant

Because the facts pled are legally insufficient to establish Plaintiff's claims for DTPA violations, fraud, "tort," conspiracy, and/or unjust enrichment, they are also insufficient to support Plaintiff's request for attorneys' fees and costs.  Accordingly, Plaintiff's claim for attorneys' fees and costs should also be dismissed with prejudice.  *See*, *e.g.*, *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (disallowing attorneys' fees on breach of contract claim because plaintiff did not prevail and was not awarded damages).

### 10.    Plaintiff's claims should be dismissed with prejudice

Finally, this lawsuit should be dismissed with prejudice.  Although "a court should freely give [a party] leave" to amend its pleadings "when justice so requires," FED. R. CIV. P. 15(a), a court should deny leave to amend when the amendment, if granted, would be futile.  *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).  To determine futility, the Fifth Circuit considers whether an amendment could survive a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6); if an amendment would fail to state a claim upon which relief could be granted, the court may deny leave to amend.  *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003).

Here, further amendment would be futile.  As discussed above, binding Fifth Circuit precedent bars Plaintiff's claims, Plaintiff's allegations and admissions further undermine his asserted causes of action.  Accordingly, "no amount of artful or creative pleading of facts will permit Plaintiff[] to state a claim upon which relief can be granted," and allowing Plaintiff to file an emended pleading would be futile.  *See Summers v. PennyMac Corp.*, No. 3:12-cv-1235-L, 2012 WL 5944943, at *10 (N.D. Tex. Nov. 28, 2012).  The Court should dismiss Plaintiff's claims with prejudice.

## IV.   CONCLUSION AND PRAYER

Each of Plaintiff's claims against Panini fails as a matter of law, and should be dismissed with prejudice.  Furthermore, Plaintiff's claims against Panini for interest and attorneys' fees are barred because he has not pleaded any viable cause of action.  *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).

Defendant Panini America, Inc. requests the Court to dismiss Plaintiff's claims against Panini with prejudice.  Panini further requests the Court to award it all other relief, in law or in equity, to which Panini may be justly entitled.

Dated: March 8, 2019                    Respectfully submitted,

                                        */s/ Joseph A. Unis, Jr.*
                                        **Charles E. Phipps**
                                        Texas Bar No. 00794457
                                        *cphipps@lockelord.com*
                                        **Joseph A. Unis, Jr.**
                                        Texas Bar No. 24075625
                                        *junis@lockelord.com*
                                        **Matthew L. McDougal**
                                        Texas Bar No. 24092799
                                        *matthew.mcdougal@lockelord.com*
                                        **LOCKE LORD LLP**
                                        2200 Ross Avenue, Suite 2800
                                        Dallas, Texas 75201
                                        (214) 740-8000 (Telephone)
                                        (214) 740-8800 (Facsimile)

                                        **ATTORNEYS FOR DEFENDANT
                                        PANINI AMERICA, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing instrument was served upon counsel for all parties on March 8, 2019.

Scott R. Bickford
usdcedtx@mbfirm.com; srb@mbfirm.com
**MARTZELL, BICKFORD & CENTOLA**
338 Lafayette Street
New Orleans, LA 70130
*Counsel for Plaintiff*

*/s/ Joseph A. Unis, Jr.*
**Attorney for Defendant Panini America, Inc.**

24